

**The following constitutes the order of the Court.**

Signed June 1, 2005

United States Bankruptcy Judge
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| Kenneth Launza & Shery Baker, | § § | CASE NO. 04-31914-BJH-13 |
| Debtors. | § § § | Chapter 13 |

**Memorandum Opinion and Order Denying Confirmation of the
Debtors' Final Chapter 13 Plan**

Before the Court is the Final Chapter 13 Plan and Motion for Valuation (the "Plan"), filed by Kenneth Launza ("Launza") and Shery Baker ("Baker") (collectively, the "Debtors") on November 28, 2004. The chapter 13 trustee (the "Trustee") filed an objection to confirmation (the "Objection") on December 28, 2004. The confirmation hearing, after two continuances, was held on April 21, 2005. At that hearing, the Trustee and the Debtors asked for the opportunity to submit

**Memorandum Opinion and Order Denying Confirmation**  Page 1

legal authorities on the issue of whether the exempt settlement proceeds from a pre-petition lawsuit which were received post-petition constitute disposable income which must be paid into a chapter 13 plan. On April 28, 2005, the Trustee provided the Court with a copy of a seminar paper he co-authored addressing this issue, and the Debtors provided the Court with a letter brief. In that letter brief, the Debtors asked for the opportunity to reply to the Trustee's submission, and on May 6, 2005, the Debtors replied by a second letter brief.[1]

The Court has jurisdiction to decide whether the Plan should be confirmed in accordance with 28 U.S.C. §§ 1334 and 157(b). For the reasons set forth below, the Court concludes that confirmation of the Plan must be denied.

**Factual Background**[2]

On December 29, 2003, a car ran over and broke Baker's foot. Within a week, Baker retained counsel and filed suit against the driver of the car. On February 16, 2004, while the lawsuit was still pending, Baker and Launza (who have a common-law marriage), filed a voluntary petition commencing a chapter 13 case in this Court. The Debtors listed the lawsuit as an asset on Schedule B (valued at $18,000),[3] claimed this asset as fully exempt on Schedule C, and described the lawsuit in the Statement of Financial Affairs. On April 16, 2004, the § 341 meeting of creditors was held. Baker again disclosed the lawsuit at the creditors' meeting.[4] No objections to the exemption of this

---

[1] At the confirmation hearing, the Court advised the parties that their submissions need not be formal.

[2] The facts recited here are not in dispute.

[3] Schedule B lists the lawsuit as follows: "Car accident December 29th Possible Lawsuit Pain & Suffering."

[4] At the § 341 meeting, Baker also disclosed the existence of a second personal injury lawsuit which arose from a post-petition car accident. This second lawsuit has since been settled (the "Second Settlement"). Baker's portion of the Second Settlement, after medical costs and legal fees, was $4,011.30 (the "Second Settlement Proceeds"). At the confirmation hearing, Baker conceded that the Second Settlement Proceeds were disposable income and had to be paid in under the Plan (apparently because this accident and the lawsuit over it occurred post-petition). The only

**Memorandum Opinion and Order Denying Confirmation**                              **Page 2**

lawsuit were filed within thirty days after the conclusion of the § 341 meeting.[5]

Sometime thereafter,[6] Baker settled this personal injury lawsuit. Her share of the post-petition settlement, after the payment of medical costs and legal fees, was $13,418.96. Baker did not inform the Trustee about this settlement or seek Court approval of it.

On November 28, 2004, the Debtors filed the Plan. The Plan lists eight unsecured creditors who filed proofs of claim totaling $15,647.43. The Plan proposes to pay these unsecured creditors 0% of their claims. On December 28, 2004, the Trustee filed the Objection, on the grounds that he was unable to make a correct determination of the minimum base under the Plan without receiving information on the status of the lawsuits. Thereafter, the Debtors disclosed the fact that both lawsuits had been settled.[7] On April 6, 2005, the Trustee filed a motion to dismiss this chapter 13 case for failure to obtain confirmation. As noted previously, the confirmation hearing was held on April 21, 2005.

**Legal Analysis**

At the confirmation hearing, the Debtors argued that Baker's share of the settlement proceeds from the pre-petition personal injury lawsuit – *i.e.*, the sum of $13,418.96 (the "First Settlement Proceeds"), while received post-petition, is exempt personal property and cannot be considered disposable income. While the Trustee did not dispute the fact that the First Settlement Proceeds are

---

disputed issue before the Court at this time is whether the proceeds Baker received from the first lawsuit, which was filed pre-petition but was settled post-petition, constitute disposable income.

[5] While the Trustee's § 341 meeting report notes under "Other Objections to Confirmation" that the Debtors should include the lawsuit amounts as disposable income, the Trustee did not file an objection to the claimed exemption.

[6] The exact date is not in evidence.

[7] At the confirmation hearing, the Trustee also expressed concern over the fact that the lawsuits were settled, and the lawyers handling the lawsuits paid, without Court authority.

**Memorandum Opinion and Order Denying Confirmation**  Page 3

exempt property, he argued that they could still constitute disposable income that must be applied to the Plan. Thus, the sole issue before the Court is whether the First Settlement Proceeds constitute disposable income that must be paid into the Plan.

In a chapter 13 case, a bankruptcy court may not confirm a plan if the chapter 13 trustee or the holder of an allowed unsecured claim objects to confirmation of the plan, unless, as of the effective date of the plan:

> (A) the value of the property to be distributed under the plan on account of such claim is not less than the amount of such claim; or (B) the plan provides that all of the debtor's projected disposable income to be received in the three-year period beginning on the date that the first payment is due under the plan will be applied to make payments under the plan.

11 U.S.C. § 1325(b)(1). Since the Trustee has objected to confirmation of the Plan and the Plan does not propose to pay creditors in full, the Plan must satisfy the disposable income test of § 1325(b)(1)(B) to be confirmed.

In order to satisfy the disposable income test, all of the Debtors' projected disposable income to be received during the first three years of the Plan must be applied to make payments under the Plan. Disposable income is defined in the Bankruptcy Code as:

> [I]ncome which is received by the debtor and which is not reasonably necessary to be expended – (A) for the maintenance or support of the debtor or a dependent of the debtor, including [charitable contributions]; and (B) if the debtor is engaged in business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business.

11 U.S.C. § 1325(b)(2).

Thus, as relevant here, the First Settlement Proceeds will constitute disposable income if they are "income" and they are "not reasonably necessary" to be expended for the maintenance or support

of the Debtors or their dependents.[8] There is no evidence in the record that the First Settlement Proceeds are reasonably necessary to be expended for the maintenance or support of the Debtors or their dependents. Accordingly, the Court must decide if the First Settlement Proceeds constitute income.

The Debtors' contend that the First Settlement Proceeds are not disposable income under § 1325(b) because they are exempt property. In contrast, the Trustee contends that regardless of their exempt status, the First Settlement Proceeds are disposable income within the meaning of § 1325(b). For the reasons explained more fully below, the Court agrees with the Trustee and holds that the First Settlement Proceeds constitute disposable income that must be paid into the Plan in order for it to be confirmed.

Logically, the starting point in the analysis begins with a determination of whether monies received in a personal injury settlement are "income." Income is not defined in the Code. And, while one may normally think of income as money received from employment or investments, it encompasses much more. Black's Law Dictionary defines income as "[t]he money or other form of payment that one receives, usually periodically, from employment, business, investments, royalties, gifts, and the like." Black's Law Dictionary (8th ed. 2004). If gifts constitute income, then monies received in the settlement of a lawsuit also constitute income. Since the Debtors' failed to prove that the First Settlement Proceeds are reasonably necessary to their maintenance or support, the Court concludes that the First Settlement Proceeds are, by definition, disposable income.

So, the question becomes, does the exempt status of the First Settlement Proceeds change their character such that they need not be paid into the Plan? The courts are split on this issue. The

---

[8]The Debtors are not engaged in business and therefore § 1325(b)(2)(B) is not applicable.

**Memorandum Opinion and Order Denying Confirmation**             Page 5

majority of the courts hold that exempt property must be included in the disposable income analysis. *See Stuart v. Koch (In re Koch)*, 109 F.3d 1285, 1289 (8th Cir. 1997); *Freeman v. Schulman (In re Freeman)*, 86 F.3d 478, 481 (6th Cir. 1996); *Watters v. McRoberts*, 167 B.R. 146, 147-48 (S.D. Ill. 1994); *Hagel v. Drummond (In re Hagel)*, 184 B.R. 793, 796-97 (9th Cir. BAP 1995); *In re Pendleton*, 225 B.R. 425, 427-28 (Bankr. E.D. Ark. 1998); *Gaertner v. Claude (In re Claude)*, 206 B.R. 374, 380 (Bankr. W.D. Pa. 1997); *In re Minor*, 177 B.R. 576, 580-81 (Bankr. E.D. Tenn. 1995). Those courts holding otherwise admit that their position is in the minority. *See, e.g.*, *In re Graham*, 258 B.R. 286, 290 (Bankr. M.D. Fla. 2001) ("The vast majority of the courts that have addressed the exemption/disposable income issue have found that § 522(c) does not operate to render any income from exempt property immune from treatment as 'disposable income.'"); *In re Hunton*, 253 B.R. 580, 581 (Bankr. N.D. Ga. 2000) ("[M]ost courts that have considered the issue have concluded that exempt property must be factored into § 1325(b)'s disposable income test."); *In re Ferretti*, 203 B.R. 796, 799 (Bankr. S.D. Fla. 1996) ("Many cases have concluded that exempt proceeds are considered disposable income.").

The primary reason for the split between the courts is the polarized interpretations of the interplay between the exemption provisions of § 522(c) and the disposable income requirement of § 1325(b). Section 522(c) states that, with certain exceptions not applicable here, "property exempted under this section is not liable during or after the case for any debt of the debtor that arose . . . before the commencement of the case." 11 U.S.C. § 522(c). Section 1325(b) does not reference § 522(c), but merely states that disposable income is income that is not reasonably necessary to be expended for the debtor's (or his dependents') maintenance or support. 11 U.S.C. § 1325(b)(2)(A). In short, the debate is over how these two provisions of the Bankruptcy Code interrelate in a chapter 13 case.

The courts in the majority argue for a plain reading of §1325(b). Since § 1325(b) does not qualify income by reference to its exempt status, § 522(c) does not limit the definition of income under § 1325(b). *See Watters v. McRoberts*, 167 B.R. at 147 (citing *In re Schnabel*, 153 B.R. 809, 815-16 (Bankr. N.D. Ill. 1993)); *In re Graham*, 258 B.R. at 291 ("The majority courts . . . conclude that the 'disposable income' requirement is not subject to § 522(c) because it doesn't specifically state that it is subject to § 522(c)."). Instead, the only limitation on disposable income is when the income is needed for the debtor's (or his dependents') maintenance or support. *See In re Koch*, 109 F.3d at 1289 ("Chapter 13 contains no language suggesting that exempt post-petition revenues are not Chapter 13 'income,' and § 1325(b)(2) expressly defines 'disposable income' to mean income not needed for the debtor's support."). As a result, exempt income – including an exempt personal injury award – that is not otherwise needed for the debtor's (or his dependents') maintenance or support is disposable income. *See In re Pitts*, No. 04-81133, 2005 Bankr. LEXIS 490, at *32-33 (Bankr. C.D. Ill. March 30, 2005) (stating that "regular income that is otherwise exempt must nevertheless be factored into the disposable income calculation in Chapter 13"); *In re Pendleton*, 225 B.R. at 427 (holding that an exempt personal injury settlement must be characterized as disposable income); *Watters v. McRoberts*, 167 B.R. at 147 (holding that exempt personal injury recovery is disposable income).

The significant policy consideration underlying the reasoning of the majority courts is that exemptions are less significant for chapter 13 debtors. *In re Koch*, 109 F.3d at 1289. As the Eight Circuit explained in *Koch*:

> In a Chapter 7 liquidation, exemptions ensure that even if his creditors levy on all of his nonexempt property, the debtor will not be left destitute and a public charge. In a Chapter 13 proceeding, on the other hand, [the] debtor repays unsecured creditors primarily with post-petition disposable income, income that is not reasonably

> necessary for support. Debtor's fresh start is not endangered by a requirement that income received during the life of the plan from otherwise exempt sources be included in the calculation of disposable income.

*Id.* (citations omitted); *see In re Tolliver*, 257 B.R. 98, 100 (Bankr. M.D. Fla. 2000) (stating that "because the fresh start in Chapter 13 is protected by a debtor's ability to retain non-disposable income rather than exempt assets, the importance of exemptions is diminished"). Another factor that has influenced some majority courts is that the broad discharge provisions under chapter 13 warrant a broad reading of disposable income to include exempt income.

> [To allow a debtor] to use his exempt income to attain Chapter 13's broad discharge, without the corollary requirement to use it to pay creditors as much as he is able, would contravene the express purpose of the statute – namely, that the debtor make payments under a plan. The purpose of Chapter 13 is to enable an individual, under court supervision and protection, to develop and perform under a plan for the repayment of his debts over an extended period.

*In re Schnabel*, 153 B.R. at 817-18 (citations omitted); *see also In re Minor*, 177 B.R. at 580 (following *In re Schnabel*).

Thus, the majority courts utilize two main arguments to support their decision that exempt property should be considered in the disposable income calculation under § 1325(b). First, a plain reading of § 1325(b) does not lead to the conclusion that disposable income is limited by § 522(c) and second, policy considerations – *i.e.*, the minor significance of exemptions in chapter 13 and the unfairness of allowing a debtor to retain exempt income while receiving a broad chapter 13 discharge.

The courts in the minority disagree, arguing that a plain reading of § 522(c) dictates that exempt property cannot be disposable income. *See In re Ferretti*, 203 B.R. at 799 ("The clear language of [§ 522(c)] protects exempt property, regardless of form, from prepetition debts . . . . [T]his express limitation cannot be ignored for purposes of defining disposable income under [§ 1325(b).");* see also In re Graham*, 258 B.R. at 288 (following *In re Ferretti*). For these courts, the

**Memorandum Opinion and Order Denying Confirmation**      **Page 8**

disposable income analysis stops once a determination is made that the property is exempt. *See In re Hunton*, 253 B.R. at 582 (citing *Gamble v. Brown (In re Gamble)*, 168 B.R. 442, 444 (11th Cir. 1999) for that the proposition that exempt property is removed from the bankruptcy estate and reading this proposition to mean that "settlement proceeds which the Debtors exempted during the course of [the] bankruptcy proceeding do not constitute disposable income"); *In re Tomasso*, 98 B.R. 513, 515 (Bankr. S.D. Cal. 1989) (stating that only the nonexemptable portion of a personal injury settlement would constitute disposable income).

This Court finds the analysis of those courts in the majority persuasive. Under a plain reading of § 1325(b), disposable income is not expressly limited by § 522(c). Instead, disposable income is only limited by that which is reasonably necessary for the Debtors' (or their dependents') maintenance or support. *See* 11 U.S.C. § 1325(b)(2)(A). Furthermore, this Court is persuaded that in a chapter 13 context, a broad discharge provision warrants a broad reading of the disposable income requirement. Finally, this reading of § 1325(b) does not ignore § 522(c). As the Eighth Circuit stated in *Koch*:

> Including exempt income in disposable income does not make exempt property "liable" to Chapter 13 unsecured creditors. Chapter 13 relief is at the option of the debtor. The disposable income limitation in § 1325(b) simply defines the terms upon which Congress has made the benefits of Chapter 13 available.

*In re Koch*, 109 F.3d at 1289 (citations omitted).

In sum, as this Court stated in *In re Moreno*, No. 394-33027-SAF-13, at 4 (Bankr. N.D. Tex. June 17, 1999) (Memorandum Opinion and Order):

> A debtor may not be compelled to proceed under Chapter 13 of the Bankruptcy Code. 11 U.S.C. § 303. A debtor may voluntarily seek relief under Chapter 13 and may not be compelled to remain under Chapter 13. 11 U.S.C. § 1307(a), (b). But a discharge under Chapter 13 grants the debtor broader relief than available under Chapter 7. 11 U.S.C. § 1328. When a debtor voluntarily seeks that broad discharge,

>the debtor exposes his property to the bankruptcy estate for the life of the Chapter 13 case, 11 U.S.C. § 1306, and commits to making his disposable income available to creditors for 36 months, regardless of whether the income derives from property that may otherwise be exempt. 11 U.S.C. §§ 1322(b)(8) and 1325(b)(1).

For these reasons, this Court will follow the majority line of cases that hold that exempt income, including personal injury settlement proceeds, are subject to the disposable income requirement of § 1325(b)(1).[9]

**Conclusion**

The First Settlement Proceeds are exempt property. But, for the reasons just stated, the First Settlement Proceeds constitute income. Since there is no evidence in the record that the First Settlement Proceeds are reasonably necessary for the Debtors' (or their dependents') maintenance or support, the Court finds that they constitute disposable income within the meaning of § 1325(b).

---

[9] Three other issues warrant a brief discussion. First, some courts hold that only a stream of payments constitutes disposable income. *See In re Pitts,* 2005 Bankr. LEXIS 490, at *33 (stating that only an anticipated stream of payment, and not a lump sum payment, may be treated as disposable income); *In re Baker*, 194 B.R. 881, 885 (Bankr. S.D. Cal. 1996) (holding that "[i]f the exempt asset in question is an anticipated stream of payments, it is included in projected income; if the exempt asset is other than a stream of payments, it is not included"). This Court finds this distinction of no consequence – any stream of payments can be turned into a lump sum through a factoring agreement; likewise, a lump sum payment can be turned into a stream of payments. Furthermore, at least one court has held that there is no requirement in § 1325 that income must be regular income. *See In re Minor*, 177 B.R. at 582 (citing 2 Keith M. Lundin, *Chapter 13 Bankruptcy* § 5.35 (2d ed. 1994) for the proposition that "[t]here is nothing in the Code to require that income be regular or periodic for § 1325(b) purposes").

Second, some courts consider the nature of the injury, etc., when deciding whether exempt personal injury settlement proceeds constitute disposable income. This Court finds this unnecessary because § 1325(b)(2)(A) already excludes income that is reasonably necessary for the debtor's maintenance or support from the definition of disposable income. A debtor with a severe or debilitating injury would require more income for his reasonable maintenance or support, and that is already accounted for in determining disposable income.

Third, in coming to its conclusion, the author of this Memorandum Opinion and Order recognizes that a colleague has come to a different conclusion on this issue in a factually similar case. In *In re Martinez*, 293 B.R. 387 (Bankr. N.D. Tex. 2003), the court concluded "because the personal injury claim was successfully exempted in its entirety, the claim and its proceeds ceased to be property of the estate, instead becoming property of the debtor." *Id.* at 390. The court then held that since the personal injury claim was exempt and not estate property, the Fifth Circuit's opinion in *Palmer & Palmer P.C. v. United States Tr. (In the Matter of Hargis)*, 887 F.2d 77 (5th Cir. 1989) controlled. The author of this Memorandum Opinion and Order declines to follow the reasoning in *Martinez* because she does not believe that *Hargis* is controlling. First, *Hargis* involved a chapter 11 debtor and not a chapter 13 debtor. Chapter 11 does not contain an analogous provision to § 1325(b). Second, *Hargis* involved considerations of whether § 549(a) could be used to recover non-estate property and did not address the issue of whether exempt property could still constitute disposable income. However, the decision reached here is consistent with the decision of another colleague in *In re Moreno*, No. 394-33027-SAF-13 (Bankr. N.D. Tex. June 17, 1999) (Memorandum Opinion and Order).

**Memorandum Opinion and Order Denying Confirmation**      Page 10

In light of the Trustee's objection to confirmation of the Plan, confirmation must be denied. The Trustee's motion to dismiss for failure to confirm shall be heard on July 18, 2005 at 2:00 p.m.

    **SO ORDERED**.

### End of Order ###